Michael M. Rosen (SBN 230964)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

John T. Johnson (Admitted *Pro Hac Vice*)
FISH & RICHARDSON P.C.
153 East 53rd Street, 52nd Floor
New York, NY  10022
Telephone:  (212) 765-5070
Facsimile:   (212) 258-2291

Attorneys for Defendant/Counter-Claimant
AMERICAN HONDA MOTOR CO., INC. and
Defendant HONDA OF AMERICA MFG., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CALCAR, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HONDA MOTOR CO., INC. and HONDA OF AMERICA MFG., INC.,<br><br>　　　　　Defendants. | Civil No. 06-2433-DMS (CAB)<br><br>**AMERICAN HONDA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OF INVALIDITY OF THE '961 AND '759 PATENTS, OR IN THE ALTERNATIVE, A NEW TRIAL**<br><br>HEARING:　　February 13, 2009<br>TIME:　　　　1:30pm<br>PLACE:　　　Courtroom 10<br>JUDGE:　　　Honorable Dana M. Sabraw<br><br>**SPECIAL BRIEFING SCHEDULE SET** |

Civil No. 06-2433-DMS (CAB)

# TABLE OF CONTENTS

**Page**

I.   Introduction And Summary ................................................................................................ 1

    A.   Background ............................................................................................................. 1

        1.   "Prompting" ................................................................................................ 2

            (a)   The 961/759 Patents ...................................................................... 2

            (b)   The Nihei Patent Publication Prior Art ........................................ 3

            (c)   The Mitsubishi Patent Publication Prior Art ................................ 4

            (d)   The Knowledgeable User .............................................................. 4

II.   Argument .......................................................................................................................... 6

    A.   Applicable Law ...................................................................................................... 6

        1.   Invalidity .................................................................................................... 6

            (a)   Anticipation ................................................................................... 6

            (b)   Obviousness .................................................................................. 6

        2.   JMOL ......................................................................................................... 7

        3.   New Trial .................................................................................................. 7

    B.   JMOL Should Be Granted ...................................................................................... 8

        1.   Nihei and Mitsubishi Each Anticipate ...................................................... 8

        2.   The 961/759 Claimed System Is Obvious ............................................... 10

    C.   Alternatively, A New Trial Should Be Granted .................................................. 11

III.   CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agrizap, Inc. v. Woodstream Corp.*,
  520 F.3d 1337 (Fed.Cir. March 28, 2008) .................................................................... 7

*Apple Comp., Inc. v. Burst.com, Inc.*,
  2007 WL 3342829 (N.D.Cal. Nov. 8, 2007) ............................................................ 7, 11

*Asyst Techs., Inc. v. Emtrak, Inc.*,
  544 F.3d 1310 (Fed.Cir. October 10, 2008) ................................................................. 7

B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.,
  72 F.3d 1577 (Fed.Cir. 1996) ...................................................................................... 11

Celeritas Techs. Ltd. v. Rockwell Int'l Corp.,
  150 F.3d 1354 (Fed. Cir. 1998) ..................................................................................... 6

*Connell v. Sears Roebuck & Co.*,
  722 F.2d 1542 (Fed. Cir. 1983) ................................................................................... 11

*Hanson v. Shell Oil Co.*,
  541 F.2d 1352 (9th Cir. 1976) ....................................................................................... 8

*In re Cruciferous Sprout Litig.*,
  301 F.3d 1343 (Fed. Cir. 2002) ..................................................................................... 6

KSR Int'l. Co. v. Teleflex Inc.,
  127 S.Ct. 1727 (2007) ........................................................................................ 6, 7, 11

Lexion Med., LLC v. Northgate Techs., Inc.,
  2008 WL 4097481 ......................................................................................................... 7

*Molski v. M.J. Cable, Inc.*,
  481 F.3d 724 (9th Cir. 2007) ......................................................................................... 8

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. July 14, 2008) ...................................................................... 7

SIBIA Neurosciences, Inc., v. Cadus Pharm. Corp.,
  225 F.3d 1349 (Fed.Cir. 2000) .................................................................................... 11

Süd-Chemie, Inc. v. Multisorb Tech., Inc.,
  2007 WL 2669366 (W.D.Ky. Sept. 7, 2007) ................................................................ 7

**STATUTES**

35 U.S.C. § 102 ..................................................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 59 .................................................................................................................. 7

## I. INTRODUCTION AND SUMMARY

### A. BACKGROUND

The 961/759 patents claim a system for warning a user that a so-called "notable condition" has occurred in a vehicle, and for providing information about how to cope with the condition. Trial was had on whether the asserted claims of both patents are invalid because anticipated by and obvious over two prior art patent publications not considered by the PTO during examination of the 961/759 patents—Nihei and Mitsubishi.

At trial, American Honda presented evidence and expert testimony supporting anticipation and obviousness.[1] The one and only issue contested by Calcar was whether Nihei and Mitsubishi each disclosed or made obvious a "prompting" limitation required by the 961/759 patent claims.[2] This "prompting" issue, as presented by both parties in testimony and argument, was the same for all the asserted claims of both the 961/759 patents.[3]

After deliberating eight days, the jury hung on whether the '961 patent claims were obvious, found that the '759 patent claims were not obvious, and found that the claims of both patents were not anticipated.[4]

The inability of the jury to reach a verdict on the obviousness of the '961 patent means that the jurors could not agree on whether the claimed "prompting" limitation was obvious, since the only basis on which obviousness was challenged by Calcar was whether Nihei and Mitsubishi rendered "prompting" obvious. Given that disagreement, the jury's not obvious verdict on the '759 patent must have rested on some issue (other than "prompting") that was never argued by Calcar, and thus, not supported by substantial evidence.

---

[1] *See, e.g.,* Trial Tr. at 1151:15-1152:18; 1156:7-1184:20 (Andrews Direct Examination); Trial Tr. at 1202:4-1212:1 (Andrews Cross Examination); Trial Tr. at 515:9-517:6 (Caird Cross Examination); Trial Tr. at 1460:14-1466:3 (Caird Rebuttal Cross Examination).

[2] *See, e.g.*, Trial Tr. 472:3-475:15 (Caird Direct Examination); Trial Tr. 1376:8-1388:14 (Caird Rebuttal Direct Examination); Trial Tr. at 1460:14-1466:3 (Caird Rebuttal Cross-Examination); Trial Tr. at 1202:4-1212:1 (Andrews Cross Examination); Trial Tr. at 1845:18-23; 1913:7-1914:4 (Calcar Closing); Trial Tr. at 2010:12-2011:10; 2013:16-2015:5; 2032:18-2036:16; 2037:12-21; 2047:14-20 (Calcar Second Closing).

[3] *See, e.g.,* Trial Tr. at 1151:15-1152:18; 1156:7-1184:20 (Andrews Direct Examination); Trial Tr. 472:3-475:15 (Caird Direct Examination); Trial Tr. at 2047:14-20; Trial Tr. at 1845:18-23; 1913:7-1914:4 (Calcar Closing); 2037:12-21; 2033:1-11; 2036:8-11 (Calcar Second Closing).

[4] 7/17/2008 Joint Verdict Form (Dkt. #538).

With the record now fully developed at trial, American Honda respectfully urges the Court that the asserted claims of the 961/759 patents are both anticipated and obvious as a matter of law.

### 1. "Prompting"

The evidence on the "prompting" issue was as follows.

#### (a) The 961/759 Patents

The 961/759 patent claims require that after the occurrence of a "notable condition," an "option" to obtain coping information appears on the display screen, "thereby prompting the user to select the option." In the common patent specification, the "option" described is the word "TIP," which appears on the screen not only to provide information for coping with a notable condition in accordance with the patent claims, but also, unrelated to the patent claims, to provide other sorts of information to the user when no notable condition exists.[5] The "TIP" option is thus not limited to providing coping information for a notable condition, but also appears on the screen for providing other information.

When the "TIP" option does appear in response to a notable condition it is accompanied by a special sound that prompts the user to select the option.[6] This sound tells the user that the TIP option is there to provide coping information, as opposed to providing other information. Of course, the user is free to ignore the sound, decide to obtain the coping information at some future time, or not obtain it at all. At trial, Calcar presented a modified Fig. 13 from the 961/759 patents to illustrate the TIP option and how the user is prompted, adding musical notes to indicate the special prompting sound (highlighted below in yellow):[7]

---

[5] Tr. Ex. E ('961 patent) at col. 15, lns. 33-58 ("When TIP option … appears on the screen … , it indicates that helpful hints or reminders are available upon selection thereof.")
[6] See Tr. Ex. E ('961 patent) at col. 15, lns. 33-53.
[7] Calcar Demonstrative N10657-129.

2



FIG. 13

**(b)     The Nihei Patent Publication Prior Art**

The Nihei patent publication also provides an option to obtain coping information to deal with a notable condition.  Referring to the following excerpt from an American Honda trial demonstrative,[8] when a notable condition arises the normal screen (on the left) is replaced by the warning screen (on the right):



In addition to informing the user about the occurrence of a notable condition ("XX occurred at XX"), the warning screen (on the right) presents the option button 6 to obtain coping information.  Just like the 961/759 patents, a special warning sound prompts the user to select that option button 6 (indicated by American Honda in the above figure with a speaker).[9]  In addition, the warning and normal screen flash back and forth to further move the user to action (i.e., to select option button 6).[10]  And just as the user can decide not to select the

---

[8] HDX 631.
[9] Tr. Ex. GW (Nihei) at H1194702.
[10] Id.

961/759 patent's "TIP" option, in Nihei, an option button 7 is also presented so that the user can return to the normal screen.[11]

### (c) The Mitsubishi Patent Publication Prior Art

The Mitsubishi patent publication, too, provides an option to obtain coping information in response to a notable condition. As shown below, warning information about the condition appears in the lower left hand corner of the screen after the condition arises, and that corner of the screen serves as an option button to obtain the coping information.[12]



Option for coping information

This appearance of the warning information on the option button is what does the prompting. By pressing and holding that option button for a preset time period the coping information will appear.[13] By touching the option button for less than the preset time period the user may restore the previous screen.[14]

### (d) The Knowledgeable User

It was agreed at trial that all of these systems—the Obradovich 961/759 system as well as the prior art systems—require that the user know in advance about what the options and prompts mean and how they are to be operated. Otherwise, with respect to the system described in the 961/759 patents, for example, the user would not know that the special sound signified that the TIP option, which in other circumstances has nothing to do with a notable condition, could now bring up coping information to deal with a notable condition:

---

[11] *Id.* at H1194705.
[12] *See* Tr. Ex. GY (Mitsubishi) at H1194744-45.
[13] *Id.*
[14] *Id.*

> Q. So what I want you to do – well, let's take the patent-in-suit for example. In connection with this TIP option, as you yourself pointed out, there is a sound that the user gets to select from a library?
> A. Yes.
> Q. And that sound helps alert him to the existence of the notable condition and the availability of the TIP option?
> A. Right.
> Q. And that helps to prompt him to take the proper action?
> A. To find more information out about the tips that is presented, yes.
> Q. Okay. But the user would have to know, you know, about that sound. In fact, he would have to pick it out from the Soundsgood library that the patent talks about, right?
> A. Yes, the user would have to go into the Soundsgood library and find that sound that they wanted to associate with the TIP option, and assign it.
> Q. Then the patent points out that you would use it, have an adaptation period so he would come to recognize what the sound meant?
> A. Yes.
> Q. Yeah. So the whole assumption in the patent is that the user is going to be a knowledgeable user who knows, you know, what the TIP option means, who has picked out the sound because he has learned that the Soundsgood library is available, either by reading the manual or maybe the dealer told him. And so he knows what is going on, and that's the way he is able to successfully operate the system; isn't that right?
> A. Yes.[15]

Similarly in the Nihei patent publication, the knowledgeable user would know that the audible alarm signified that he could now select button option 6 to bring up coping information.[16] And in Mitsubishi, the knowledgeable user would know to touch the warning option button long enough to bring up the coping information.[17]

---

[15] Trial Tr. at 1461:10-1462:14 (Caird Rebuttal Cross Examination).
[16] *See* Trial Tr. at 1460:17-1461:9 (Caird Rebuttal Cross Examination); Tr. Ex. GW (Nihei) at H1194702.
[17] *See* Trial Tr. at 1460:17-1461:9 (Caird Rebuttal Cross Examination); Tr. Ex. GY (Mitsubishi) at H1194744-45.

## II.   ARGUMENT

### A.   APPLICABLE LAW

#### 1.   Invalidity

##### (a)   Anticipation

An anticipation determination involves determining what elements the claim requires—a question of law—and whether the prior art meets those requirements—a question of fact.[18]  A claim is invalid as anticipated if every claim limitation is found either expressly or inherently in a single prior art reference.[19]

##### (b)   Obviousness

Obviousness is a question of law, based on underlying factual determinations.[20] Where, as here, the underlying factual issues, such as the scope and content of the prior art, are not in dispute, the ultimate determination of obviousness is an issue of law for the Court. Thus, in *KSR* itself obviousness was found by the Court on summary judgment, reversed by the Federal Circuit in a *de novo* review, and reversed again by the Supreme Court in another *de novo* review, finding obviousness as a matter of law:

> Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate.[21]

The Supreme Court in *KSR* criticized the Federal Circuit for taking too rigid an approach to obviousness, and is widely regarded as having raised the standard for patentability by emphasizing the following principles:

> When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one.  If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.  For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill.[22]

---

[18] *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1346 (Fed. Cir. 2002).
[19] *See* 35 U.S.C. § 102; *Celeritas Techs. Ltd. v. Rockwell Int'l Corp.,* 150 F.3d 1354, 1361 (Fed. Cir. 1998).
[20] *See KSR Int'l. Co.  v. Teleflex Inc.,* 127 S.Ct. 1727, 1745-46 (2007).
[21] *Id.* at 1745-46.
[22] *Id.* at 1734.

***

> When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under § 103.[23]

### 2.     JMOL

The ultimate question of obviousness, like all issues of law, is reviewed without deference.[24] Numerous post-*KSR* decisions by the Federal Circuit have affirmed or ordered JMOL rulings invalidating patents as a matter of law for obviousness.[25]

With regard to anticipation, the first step in the inquiry, interpreting the meaning and scope of the patent claims, is question of law reviewed without deference. Factual questions, such as the content of the prior art, are reviewed for substantial evidence.

### 3.     New Trial

This Court has authority to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."[26] Therefore, "[t]he trial court may grant a new trial, even though the verdict is supported by substantial evidence, if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'"[27]

"Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the

---

[23] *Id*. at 1740.
[24] *See Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1324 (Fed. Cir. July 14, 2008).
[25] *See, e.g., Muniauction*, 532 F.3d at 1321 (finding patent invalid as obvious despite jury "not obvious" verdict and district court denial of obviousness JMOL motion); *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed.Cir. October 10, 2008) (affirming JMOL of obviousness despite jury "not obvious" verdict); *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1339 (Fed.Cir. March 28, 2008) (finding patent invalid as obvious despite jury "not obvious" verdict and district court denial of obviousness JMOL motion); *Lexion Med., LLC v. Northgate Techs., Inc.*, 2008 WL 4097481 *1, 6-7 (Fed.Cir. August 28, 2008) (affirming Rule 50(a) JMOL of obviousness). Many district courts have found patents obvious as a matter of law post KSR. *See e.g., Apple Comp., Inc. v. Burst.com, Inc.,* 2007 WL 3342829 (N.D.Cal. Nov. 8, 2007)*; Süd-Chemie, Inc. v. Multisorb Tech., Inc.,* 2007 WL 2669366 (W.D.Ky. Sept. 7, 2007).
[26] Fed. R. Civ. P. 59(a)(1)(A).
[27] *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976).

verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'"[28]

## B.   JMOL SHOULD BE GRANTED

### 1.   Nihei and Mitsubishi Each Anticipate

There is no genuine dispute about the structure and operation of the Nihei and Mitsubishi patent publications. Indeed, the only argument made by Calcar at trial was that when the warning sound came on in Nihei—signaling the occurrence of a notable condition and the availability of coping information—a user would be so annoyed by the sound that he would forgo the coping information and instead hit option button 7 to return to the normal screen, to get rid of the sound.[29] The problem with this argument is that any knowledgeable user, as would be understood by any reasonable jury, would prefer to get the coping information by selecting option 6, rather than ignore the existence of a problem in his car.[30] The user would be prompted in three ways to select option button 6.

First, as Mr. Andrews explained, the Nihei system prompts a user to select the option for coping information because that option appears on a screen whose very purpose is to inform the user about a vehicle problem that requires attention—the Nihei *warning* screen.[31] The user, knowing from the appearance of the warning screen that a vehicle problem exists and understanding that option button 6 would provide information on how to cope with the problem, is clearly prompted to select that option simply by the appearance of the warning screen.

Indeed, Nihei makes clear in the text of the patent publication that the user is expected to select option button 6 when the warning screen appears. The text says that the whole point of option button 6 is to reduce the user's burden in retrieving *necessary* information when a vehicle emergency arises:

---

[28] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).
[29] *See, e.g.,* Trial Tr. at 1460:17-1466:3 (Caird Rebuttal Cross Examination).
[30] Calcar's argument is further undermined by the fact that option button 7, which cancels the sound, is also available on the Nihei screen that provides the coping information. Tr. Ex. GW at H1194705, H1194712. This is all the more reason that a knowledgeable user, even if "annoyed" by the sound, would nevertheless prefer to obtain the coping information before canceling the warning.
[31] Trial Tr. at 1165:21-1166:18; 1181:18-1182:2 (Andrews Direct Examination); Tr. Ex. GW at H1194704-05.

> In an *emergency*, when one wishes to get information as quickly as possible, this [prior art] type of screen selection operation becomes an impediment, and also places burden on the monitoring person. **By providing screen switching key 6 on the warning screen 2 and causing the warning screen 2 to switch to the detail screen 3 by pushing the screen switching key 6, necessary information can be extracted without the complicated operations previously required and the burden on the monitoring person can be reduced.**[32]

Thus, Nihei describes that pressing option button 6 returns "necessary" information for dealing with the problem—information that a user, aware that a vehicle problem existed, would undoubtedly seek.

Second, even beyond the appearance of option button 6 on the warning screen, Mr. Andrews explained that the Nihei system also prompts the user to select option button 6 by issuing a warning sound, the very form of "prompting" that Calcar's expert Dr. Caird pointed to in the 961/759 patents.[33]

Third, in Nihei, there is also an intermittent flashing of the warning screen, which increases user awareness about the vehicle problem and thus, further prompts the user to select button 6 to obtain coping information.[34]

Accordingly, there can be no reasonable dispute that a knowledgeable Nihei user would be motivated to select option button 6 when it appeared on the Nihei warning screen.

American Honda presented substantial and unrebutted evidence that Mitsubishi, too, prompts the user to select an option to obtain coping information upon the occurrence of a vehicle fault.  In Mitsubishi, the warning information for the vehicle condition is superimposed on the option for calling up coping information.[35]  Just like the Obradovich 961/759 and Nihei systems, there can be no reasonable dispute that a knowledgeable user of the Mitsubishi system—a user who understands how the system works, including how to select the options on the screen—would be prompted by the issuance of the vehicle fault warning on the option to select the option to obtain coping information.

---

[32] Trial Exhibit GW at H119708 (emphasis added).
[33] Trial Tr. at 1166:19-1167:8; 1167:14-17; 1181:18-1182:2 (Andrews Direct Examination); Tr. Ex. GW at H1194704-05.
[34] Trial Tr. at 1167:9-13; 1167:19-1168:2; 1181:18-1182:2 (Andrews Direct Examination); Tr. Ex. GW at H1194704-05.
[35] Trial Tr. at 1171:17-1174:21; 1182:4-1183:14 (Andrews Direct Examination); Tr. Ex. GY at 1194744-45.

Calcar's sole argument at trial with regard to Mitsubishi was that because the user would be required to press the option for longer than a certain time period to call up coping information, the user would not be prompted to obtain coping information, but rather would merely touch the option to cancel the warning.[36] But again, Calcar's argument rests on the false assumption that the user does not know how to use the system, an argument already disavowed by its expert at trial.

We fully appreciate that, in denying American Honda's motion for summary judgment of anticipation, the Court found that Nihei and Mitsubishi did not prompt selection of the option to obtain coping information.[37] Respectfully, we urge the Court to reconsider its analysis in light of the full trial record. In particular, it appears from the summary-judgment Order that the Court did not view the operation of these prior art systems through the eyes of a knowledgeable user who knows how the system works and appreciates the purpose of the options that appear. We refer specifically to the Court's comment that with respect to the Mitsubishi system the user "would not even know there were two options unless they had some additional knowledge of the system."[38] As explained above, it was conceded at trial that all of these systems, including the 961/759 system, require and assume that the user know how they work. Viewed through the eyes of the knowledgeable user, both Nihei and Mitsubishi anticipate for the reasons set forth above.

### 2.  The 961/759 Claimed System Is Obvious

In addition to being invalid for anticipation, the 961/759 asserted claims are also invalid for obviousness.

In the first place, "anticipation is the epitome of obviousness."[39] Accordingly, obviousness follows for the reasons set forth above in connection with anticipation.

Beyond that, e.g., were Mitsubishi regarded, for the sake of argument, to fall short of anticipation for insufficient prompting, it would have been obvious to add an audible signal, just as in Nihei. As was said in *KSR*, "if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in

---

[36] Trial Tr. at 1386:2-1388:14 (Caird Rebuttal Direct Examination).
[37] 961/759 Summary Judgment Order (Dkt. # 334) at 8-9.
[38] 961/759 Summary Judgment Order (Dkt. # 334) at 9.

10

the same way, using the technique is obvious unless its actual application is beyond his or her skill."[40]

Similarly, given Nihei's teaching that the coping information was "necessary" for the user to see, it follows from the Supreme Court's instruction in *KSR* to employ "common sense" that it would have been obvious to prompt the user to select the particular option that would provide that necessary information.[41] The Federal Circuit has ruled that obviousness can be found by application of ordinary skill to even a single prior art reference such as Nihei.[42] Persons of ordinary skill were familiar with highlighting a displayed option to distinguish and call attention to it (e.g., as was done in the prior art Acura 96RL), and surely could have highlighted Nihei's option button 6 to reinforce the message already carried by the warning sound and the screen flashing that there was a problem and that coping information should be obtained by selecting that option.[43]

Given that there are no facts in genuine dispute, the Court should resolve obviousness as a matter of law without deference to the jury. This is particularly so here, where the jury, in failing to reach a verdict on the '961 patent, clearly was unable to agree on the prompting issue.

### C.     ALTERNATIVELY, A NEW TRIAL SHOULD BE GRANTED

In the event the Court does not find the 961/759 patents to be invalid as a matter of law, American Honda submits that the Court should grant a new trial on the validity of both patents.

As an initial matter, assuming the Court does not grant judgment as a matter of law, a new trial on '961 patent would already be necessary, since the jury was hung on the

---

[39] *Connell v. Sears Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (quoting *In re Fracalossi,* 681 F.2d 792, 794 (CCPA 1982)).
[40] *KSR*, 127 S.Ct. at 1740.
[41] *KSR*, 127 S.Ct. at 1742.
[42] *SIBIA Neurosciences, Inc., v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356 (Fed.Cir. 2000) ("[A] single prior art reference can render a claim obvious."); *B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1582-83 (Fed.Cir. 1996); *see also Apple Comp., Inc. v. Burst.com, Inc*., 2007 WL 3342829 *1, *25 fn. 16 (N.D.Cal. Nov. 8, 2007) ("Any claim listed as being rendered obvious by a single prior art reference was actually rendered obvious by the prior art in combination with the knowledge of a person of ordinary skill in the art.")
[43] *See e.g.,* Trial Tr. at 623:14-624:2 (Speck Direct Examination, testifying about Honda Trial Exhibits GQ/GR).

11

obviousness of the '961 patent and the Court set aside the jury's "no anticipation" verdict on the '961 patent.[44]

Moreover, given that the only disputed claim limitation—"prompting"—is common to both patents, the fact that the jury reached different conclusions on the validity of the 961/759 patents renders the '759 patent "not obvious" verdict suspect, at best.  This, when considered with the evidence above regarding "prompting" in Nihei and Mitsubishi, makes clear that the jury's verdict on the '759 patent is contrary to the weight of the evidence.  Accordingly, a retrial on the validity of the '759 patent should also be granted.

## III. CONCLUSION

For the reasons given above, the Court should grant judgment as a matter of law that the asserted 961/759 patent claims are invalid, or in the alternative, a new trial on the validity of the '759 patent.

Dated:  December 22, 2008                          FISH & RICHARDSON P.C.


By:  */s/ Michael M. Rosen*
   Michael M. Rosen (SBN 230964)
   rosen@fr.com
   FISH & RICHARDSON P.C.
   12390 El Camino Real
   San Diego, CA  92130
   Tel:  (858) 678-5070    Fax:   (858) 678-5099

   John T. Johnson (Admitted *Pro Hac Vice*)
   jjohnson@fr.com
   FISH & RICHARDSON P.C.
   Citigroup Center – 52nd Floor
   153 East 53rd Street
   New York, New York 10022
   Tel:  (212) 765-5070    Fax:   (212) 258-2291

Attorneys for Defendant/Counter-Claimant
AMERICAN HONDA MOTOR CO., INC. and
Defendant HONDA OF AMERICA MFG., INC.

---

[44] November '6, 2008 Order (Dkt. # 578).

OF COUNSEL:
Robert E. Hillman (Admitted *Pro Hac Vice*)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070    Fax:  (617) 542-8906

Ahmed J. Davis  (Admitted *Pro Hac Vice*)
FISH & RICHARDSON P.C.
1425 K Street NW
Washington, D.C.  20005
Tel:  (202) 783-5070    Fax:  (202) 793-2331

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 22, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Michael M. Rosen
Michael M. Rosen (SBN 230964)
rosen@fr.com

Attorneys for Defendant/Counter-Claimant
AMERICAN HONDA MOTOR CO., INC. and
Defendant HONDA OF AMERICA MFG., INC.

10892653.doc